IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLOS PANTOJA § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-1028-D |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| ET AL. § | |
| § | |
| Defendants.. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Carlos Pantoja, a Texas prisoner, against a state district judge, prosecutor, and his court-appointed lawyer.[1] On June 9, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional

---

[1] Although Douglas Dretke, former Director of the TDCJ-ID, is listed as a defendant in the style of this case, neither the complaint nor plaintiff's interrogatory answers contain any facts giving rise to a potential civil rights claim against Dretke in his official or individual capacity.

information about the factual basis of this suit. Plaintiff answered the interrogatories on July 7, 2006. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff asserts a variety of claims relating to his trial and subsequent conviction on felony charges of aggravated sexual assault of a child. Succinctly stated, plaintiff accuses the prosecutor, Crystal Rivers, of making inflammatory comments throughout the trial, introducing false and misleading evidence, and referring to him as a "child molester" in front of the jury. (Interrog. #2). Plaintiff further alleges that he received ineffective assistance of counsel from his court-appointed lawyer, Lena Levario. (Interrog. #4). Finally, plaintiff criticizes the trial judge for allowing four witnesses to testify about an extraneous offense. (Interrog. #5). By this suit, plaintiff seeks $1.5 million in damages and immediate release from custody.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1)   is frivolous or malicious;

(2)   fails to state a claim upon which relief can be granted; or

(3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff cannot maintain a federal civil rights action for at least two reasons. First, no state court or federal habeas court has ever determined that the terms of his confinement are invalid. (Interrog. #3). Plaintiff is therefore precluded from suing for money damages under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Second, defendants either are immune from suit or not state actors. It is well-settled that judicial officers are absolutely immune from civil liability for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 359-60, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005), *quoting Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991). A similar rule applies to state prosecutors. *See Imbler v. Pacthman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (holding that prosecutors are absolutely immune from civil liability for actions taken within the scope of their duties in initiating and pursuing a criminal prosecution).

Because the trial judge and prosecutor were acting within the scope of their authority at all times relevant to this suit, they are entitled to absolute immunity. Nor can plaintiff sue his former attorney for civil rights violations under 42 U.S.C. § 1983. A private attorney appointed to represent an indigent defendant does not act under "color of state law" for purposes of section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Ray v. Earle*, No. 3-06-CV-0487-G, 2006 WL 1416733 at *2 (N.D. Tex. May 23, 2006) (Kaplan, J.).

C.

To the extent plaintiff challenges his conviction and the duration of his confinement, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, plaintiff cannot seek federal habeas relief unless and until he exhausts all available state remedies. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases). This entails submitting the factual and legal basis of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). In his interrogatory answers, plaintiff acknowledges that his state writ is still pending before the Texas Court of Criminal Appeals. (*See* Interrog. #3). Therefore, plaintiff has not exhausted his state remedies.

**RECOMMENDATION**

Plaintiff's civil rights claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). The remaining portion of his complaint should be construed as an application for writ of habeas corpus and dismissed for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE