IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS PANTOJA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1028-D |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carlos Pantoja, appearing *pro se*, has filed a motion to set aside that part of the August 9, 2006 judgment dismissing his habeas claims without prejudice for failure to exhaust state remedies. For the reasons stated herein, the motion should be denied.

I.

On June 9, 2006, plaintiff sued a state district judge, a Dallas County prosecutor, and his former attorney in federal district court for civil rights violations arising out of his trial and subsequent conviction on felony charges of aggravated sexual assault of a child. The gravamen of his complaint is that the prosecutor engaged in numerous acts of misconduct throughout the trial, the judge improperly admitted extraneous offense evidence, and he received ineffective assistance of counsel. As relief, plaintiff requested $1.5 million in damages and immediate release from custody.

On initial screening of the complaint, the magistrate judge determined that plaintiff's claims for money damages should be summarily dismissed under the rule in *Heck v. Humphrey*, 512 U.S.

477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and on immunity grounds. To the extent plaintiff challenged the validity of his conviction and the duration of his confinement, the magistrate judge construed the complaint as an application for writ of habeas corpus under 28 U.S.C. § 2254 and recommended dismissal for failure to exhaust state remedies. Plaintiff timely objected to the recommendation on the grounds that:

> It is well established that in matters of the charges and claims involved in this case that decption [sic], distortions and overt falsehoods are deployed to gain convictions. During the criminal trial discovery is denied under a number of ruses to include the alleged victim's age.
>
> This matter can only serve justice by the appointment of counsel, the opening of discovery and the holding of a hearing. These are the minimal requirements to expose the extent of the wrongs that were devised to gain this conviction.
>
> Plaintiff is a layman with no skill at law. Plaintiff contends that the schemes and devices used by the Dallas, Texas District Attorney and others distort and create fact to gain convictions. The history in Dallas is clear, and well known and is before numerous courts.

The district judge overruled the objections, adopted the magistrate judge's recommendation, and issued a final judgment dismissing this case on August 9, 2006. No appeal was taken. Instead, on August 16, 2006, plaintiff filed a motion to set aside that part of the judgment dismissing his habeas claims.[1]

II.

A district court may grant relief from a final judgment "[o]n motion and upon such terms as are just . . ." FED. R. CIV. P. 60(b). These terms include fraud, mistake, newly discovered evidence, a void judgment, or a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court also may set aside a judgment for "any other reason justifying relief from

---

[1] Plaintiff does not appear to challenge that part of the judgment dismissing his civil rights claims.

the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996).

As grounds for his motion, plaintiff alleges that:

> New evidence that reflects mistake and fraud have surfaced and such have been exhausted in state courts through Art. 11.07. Applicant is a layman, unskilled at law--requests the appointment of counsel and a hearing in this matter.
>
> In Cause No. 3:06cv1028, now before this Court the factors mentioned above are developed.

Plaintiff does not disclose the "new evidence" referred to in his motion.[2] Nor does he elaborate on the nature of his mistake or any fraud, misrepresentation, or other misconduct of an adverse party that resulted in the dismissal of his habeas claims. The mere fact that plaintiff is a layman, unskilled in the law, does not warrant setting aside an otherwise valid judgment.

## RECOMMENDATION

Plaintiff's motion to set aside judgment [Doc. #12] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

---

[2] In interrogatory answers filed on July 7, 2006, plaintiff acknowledged that an Article 11.07 writ raising the same claims asserted in his federal habeas petition was pending before the Texas Court of Criminal Appeals. (*See* Interrog. #3). If the "new evidence" referred to by plaintiff is a decision in the state habeas case, he may file another federal writ before the expiration of the AEDPA statute of limitations.

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE